UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KAILYNN HAYSBERT,<br><br>    Plaintiff<br><br>v.<br><br>BRITTA KOTYCZKA, et al.,<br><br>    Defendants | Case No.: 2:18-cv-02370-APG-NJK<br><br>**Order Remanding Case to State Court** |

Defendant Britta Kotyczka removed this case to federal court on December 13, 2018, asserting diversity jurisdiction. However, complete diversity does not exist because plaintiff Kailynn Haysbert is a Nevada resident and defendant Clark County Public Works is a division or agency of Clark County, Nevada. ECF No. 1 at 2. I therefore must remand this case.

Kotyczka contends that complete diversity will exist after Clark County prevails on its pending motion to dismiss. But complete diversity must exist at the time of removal. *C.f.*, *Lynch Ford, Inc. v. Ford Motor Co., Inc.*, 934 F.Supp. 1005 (N.D. Ill. 1996) ("jurisdiction depends on the situation at the time of removal"); *Lamb v. Laird*, 907 F. Supp. 1033, 1034 (S.D. Tex. 1995) ("The Court determines subject matter jurisdiction from the First Amended Complaint, which is the Complaint as it existed at the time of removal."). Clark County was a party to this case at the time of removal so complete diversity did not (and does not) exist.

And there is no guarantee that Clark County will prevail on its motion. Haysbert may be able to assert equitable estoppel or some other defense to the county's motion. More to the point, if removal is allowed, I will have to rule on a motion to dismiss filed by a defendant (Clark County) over whom I would not have jurisdiction. The illogic of this procedural posture points out the mistake of removing the case at this time.

"A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d

1221, 1225 (9th Cir. 1989). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Because complete diversity of citizenship did not exist at the time of removal, I must remand this case to the state court.

IT IS THEREFORE ORDERED this case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 17th day of December, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE